**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| LAURA KELLY, | No. 12-35377 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01263-RSL |
| v. | |
| SALLIE MAE, INC.; et al., | MEMORANDUM[*] |
| Defendants, | |
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted February 2, 2015
Seattle Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Before: BEA and MURGUIA, Circuit Judges, and KOBAYASHI, District Judge.[**]

Chapter 13 debtor Laura Kelly appeals the district court's order reversing the bankruptcy court's judgment, which discharged part of her student loan debt for undue hardship under 11 U.S.C. § 523(a)(8). We have jurisdiction under 28 U.S.C. § 158(d). We independently review the bankruptcy court's legal conclusions de novo and its factual findings for clear error. *Hedlund v. Educ. Res. Inst., Inc.*, 718 F.3d 848, 853-54 (9th Cir. 2013). We reverse the district court.

The district court correctly upheld the bankruptcy court's determinations that Kelly was unable to repay her student loans while maintaining a minimal standard of living and that this inability was likely to persist for a significant portion of the repayment period. *See id.* at 851 (outlining three-prong test for debtor to establish undue hardship under § 523(a)(8)); *see also Rifino v. United States (In re Rifino)*, 245 F.3d 1083, 1088 (9th Cir. 2001).

However, the district court incorrectly concluded that the bankruptcy court had clearly erred by determining that Kelly had made a good faith effort to repay her student loans. The bankruptcy court justified its conclusion that Kelly had acted in good faith with reference to its findings that, among other things, Kelly

[**] The Honorable Leslie E. Kobayashi, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

2

had maximized her income, incurred only marginally excessive expenses, paid thousands of dollars toward her student debt over an eight year period before filing for bankruptcy, and at least minimally investigated payment alternatives such as debt consolidation, deferment, and a federal loan repayment program.  The bankruptcy court further concluded that to the extent Kelly's expenses were excessive, a partial discharge was justified rather than the complete discharge Kelly sought.  Moreover, though Kelly did not pursue loan repayment options, the bankruptcy court did not clearly err in its conclusion that Kelly had a good-faith belief that she was ineligible for the program, and that applying for the program would have been futile since she could not afford the payments after consolidation.

Because the bankruptcy court's judgment was not "illogical, implausible, or without support in inferences that may be drawn from the record," it was not clearly erroneous.  *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).  Accordingly, we reverse the district court's order and remand to the district court with instructions to reinstate the partial discharge ordered by the bankruptcy court.

**REVERSED and REMANDED.**